[Criminal No. 277.  Filed April 2, 1910.]

[108 Pac. 222.]

## ED. D. HURLEY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—APPEAL—REVIEW—CONTINUANCE—DISCRETION.—The granting or refusal of a continuance rests in the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless the discretion was abused.

2. SAME—CONTINUANCE—APPLICATION—REFUSAL—DISCRETION OF COURT. It is not an abuse of discretion to deny a continuance on the ground of the absence of a witness, where the facts sought to be proved by the witness are not within the personal knowledge of accused, but his knowledge of what the witness would testify to if present is hearsay only, and the source of his knowledge is not set forth, and it is not alleged that accused has any knowledge of the residence of the witness, nor was it shown why the witness' attendance was not obtained in the five days between the verification of plaintiff's affidavit and the application, nor were any facts stated tending to show that the witness could be produced if a continuance was granted.

3. HOMICIDE — EVIDENCE—ADMISSIBILITY.—The fact that accused, the day before the shooting of decedent, shot at goats of decedent at or near the premises of accused, was material to establish the relations between the parties and the state of the mind of accused.

4. CRIMINAL LAW—OPINION EVIDENCE—COMPETENCY OF WITNESS.—A boy thirteen years of age, who had lived eight or ten years on the

hills, and who had seen men shoot shotguns and rifles, was competent to give his opinion that shots heard by him were rifle shots; but the weight of his testimony was for the jury.

5. WITNESSES—EXAMINATION — CROSS-EXAMINATION.—Questions put by accused on the cross-examination of a witness as to the testimony which another witness had given at a former time were not proper cross-examination.

6. HOMICIDE — EVIDENCE—THREATS OF ACCUSED—ADMISSIBILITY.—Evidence of what accused, at a period remote from the homicide, had said about pointing a gun at and threatening to shoot the children of decedent, was admissible, where, in connection with proof of other threats of accused, it might indicate a continuance of the state of mind of accused toward decedent.

7. CRIMINAL LAW—TRIAL—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY CHARGE GIVEN.—It is not error to refuse instructions generally covered in the charge given.

8. SAME—SAME—OPINION OF COURT.—Instructions so framed as to indicate an expression of opinion by the court on issues of fact for the jury are properly refused.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge.    Affirmed.

The facts are stated in the opinion.

J. F. Wilson, for Appellant.

It is an abuse of discretion in the trial court to deny a continuance of a cause for want of material evidence that defendant has made proper effort to obtain and shows ability to obtain it at the succeeding term.    *State* v. *Brooks,* 39 La. Ann. 239, 1 South. 421; *State* v. *Daken,* 52 Iowa, 395, 3 N. W. 411; *State* v. *Bradley,* 9 Mo. 960, 2 S. W. 284; *Price* v. *State,* 22 Tex. App. 110, 2 S. W. 622; *Tucker* v. *State,* 21 Tex. App. 198, 2 S. W. 893; *Jackson* v. *Territory,* 4 Ariz. 407, 78 Pac. 1110.    Threats, uncommunicated, are admissible to show *animus,* and as a result of it to show a more probable conclusion that deceased brought on the conflict, where one ensued.    Wharton's Criminal Evidence, sec. 757 et seq.; *People* v. *Scoggins,* 37 Cal. 676; *Wiggins* v. *State,* 93 U. S. 465, 23 L. Ed. 941; *People* v. *Arnold,* 15 Cal. 476; *People* v. *Swenson,* 49 Cal. 388; *Holler* v. *State,* 37 Ind. 57, 10 Am. Rep. 74; *Campbell* v. *State,* 16 Ill. 18, 61 Am. Dec. 49.

John B. Wright, Attorney General, for Respondent.

KENT, C. J.—It is claimed that the trial court erred in refusing to grant the continuance of the trial asked for by the appellant. On November 18, 1908, the defendant entered his plea of not guilty to the offense charged in the indictment, and on that date the case was set for trial on November 30th. On November 30th, upon the application of the defendant, a subpoena was issued for one Edwards, whom the appellant claimed to be a material witness. The trial of the case was postponed until December 8th. On that day, when the case was called for trial, the appellant interposed his motion for a continuance for the term and filed his own affidavit in support thereof, which had been prepared and sworn to on December 3d, in which he alleged that the witness Edwards was material to the defendant in making his defense, in that Edwards, prior to the difficulty in which the defendant and the deceased were engaged, had frequent conversations with the deceased and knew of the animosity of the deceased toward the defendant; that the defendant had no knowledge of the threats made by decedent to Edwards until November 29th, the evening before the subpoena was issued and placed in the hands of the sheriff for service and an order for such service out of the county obtained; that service of the subpoena had not been made; that the sheriff had telegraphed that the witness was not in the employ of the mining company where he was supposed to have sought employment in Cochise county, and hence the subpoena had not been served, and the attendance of the witness could not be obtained at that term of court; but that the witness was in the county of Cochise somewhere; and that the defendant would be able to procure his attendance at the next term of court, when such testimony might be had. The affidavit further alleged that there was no other witness by whom the conversations and threats above stated could be proved, and that the application was not sought for delay.

The granting or refusal of a motion for continuance is a matter resting in the sound discretion of the trial court, and the exercise of that discretion will not be disturbed upon appeal unless abused. According to the affidavit of the appellant for continuance, and upon the record, we find that the case had been set for trial on November 30th. On that date a subpoena for the desired witness was obtained and an order for its service out of the county. The trial of the case was not

had until December 8th. On that date an affidavit sworn to on December 3d was presented that the absent witness could not be found in the place designated to the sheriff by the appellant as his place of abode. That the facts sought to be proved by the witness would be testified to by the witness was not within the personal knowledge of the defendant, according to his affidavit; but the knowledge that the witness would so testify if present was hearsay only, and the source of such knowledge was not set forth by the appellant in his affidavit, nor any facts set forth in the affidavit to show that the appellant had any knowledge of the residence of the witness or his present or future place of abode. No showing was made why the attendance of the witness was not procured between the 3d and 8th of December, and no facts were set forth in the affidavit tending to show that the presence of the witness could be obtained if the postponement were granted. We do not think that the trial court erred in its exercise of the discretion vested in it in refusing the continuance. *Eytinge* v. *Territory,* 12 Ariz. 131, 100 Pac. 444.

Mrs. Conrey, a witness on the part of the prosecution, testified, over the objection of the defendant, to the action of the defendant the day before the homicide in shooting at certain goats belonging to the deceased which were then at or near the premises of the defendant. The objection to the testimony was that it was immaterial. We think the testimony given was material in the tendency it had to establish the relations between the parties and the state of mind of the defendant, and that the objection made to its materiality was properly overruled.

It is likewise assigned as error that the court erred in allowing the witness Tom Conrey to testify about the same transaction. Apart from the fact that no specific objection was made at the trial to this testimony, the same rule applies thereto.

It is claimed that the court erred in allowing George Conrey, a son of the deceased, of the age of thirteen years, to testify, over the objection of the defendant, to the character of the shots fired at the time of the homicide, his testimony being that they were rifle shots. The objection to the testimony is that the boy was at a distance from the shooting, that he had never fired a gun himself or handled firearms, and was not qualified, therefore, to testify as to the character of the shots.

The boy testified to hearing five shots altogether, and the intervals between them, and that they were rifle shots; that, while he had not used rifles or shotguns, he had lived eight or ten years out on the hills, and had seen men shoot shotguns and rifles. Upon the motion to strike out his testimony, the court ruled that, the evidence showing that the boy had some experience in the matter, his opinion might be expressed, the weight of the testimony being entirely a matter for the jury. In this view of the trial court we concur.

The fifth assignment of error is as follows: ''The court erred in refusing to allow Mrs. Conrey to answer questions on cross-examination as to what she testified to at the inquest and having made statements at another time contradictory to what she tells here. See reporter's transcript of evidence, pages 150, 151, 152, and 153.'' An examination of the record shows that counsel are in error in assuming that the court refused to allow Mrs. Conrey to testify as alleged. The witness under examination was one George Avery, a deputy sheriff, and he was asked on cross-examination to testify as to the testimony which Mrs. Conrey had given at a former time. The court sustained the objection of the prosecution that it was not proper cross-examination.

It is alleged that the court erred in permitting the witness Ralph King to testify, over objection of the defendant, to a conversation between the defendant and the witness at a period prior and remote to the homicide, in regard to what the defendant had said about the pointing of a gun and threatening to shoot the children of the deceased. The court allowed the testimony to stand over the objection of the defendant upon the theory that, in connection with other conversations and threats of the defendant as testified to, it might have a significance as indicating a continuance of the state of mind of the defendant toward the deceased. We think the testimony was admissible, the weight to be given to it being, as the court stated, a matter for the jury to determine.

The appellant assigns as error the refusal of the trial court to give as drawn the third, fourth, fifth, and sixth instructions requested by the defendant. The matter contained in these instructions was generally covered by the court in the charge given by it; but, apart from this, we think the court properly refused the instructions requested in the language in which

they were drawn, since in each instance the requested instruction was so framed as to indicate an expression of opinion by the court on matters of fact to be determined by the jury.

We find no error in the record, and the judgment of the district court is affirmed.

DOAN, CAMPBELL, LEWIS, and DOE, JJ., concur.