[Criminal No. 681. Filed June 30, 1928.]

[268 Pac. 617.]

CECIL L. DENISON, Appellant, v. STATE, Respondent.

Mr. H. L. Russell, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

LOCKWOOD, J.—Cecil L. Denison was informed against in the superior court of Coconino county for the crime of burglary. He was found guilty by a jury, and, after his motion for new trial was denied, appealed to this court.

There are some five assignments of error which we will consider in their order. The first is that the

court erred in denying the challenge to Juror W. H. Dolton. It appeared on the *voir dire* of the juror that he was born in Orabi, Arizona, and had lived in Arizona and on an Indian reservation all his life; that he was a full-blooded Hopi Indian; that he had served in the World War, and received an honorable discharge from the proper authorities. A challenge was interposed on the ground that "he is a ward, an Indian ward, of the United States government, and therefore not qualified to sit as a juror." Counsel for defendant has favored us with a brief which discusses ably and extensively the subject of the relationship of the Indians of this country to the United States and the state governments, particularly as affecting their rights of franchise under the statutes of Arizona. He argues that, by our law, persons under guardianship are not qualified electors, and therefore an Indian on a closed reservation, being a ward of the government, is under guardianship to the extent that he cannot become a legal voter. The Attorny General has contested this position, and has urged with great earnestness that, since the Act of June 2, 1924 (43 Stat. 253, chap. 233), Indians on closed reservations as well as those no longer maintaining tribal affiliations are electors if otherwise qualified.

The question argued is an interesting and important one. We think, however, it is not material to the determination of this case. The qualifications of jurors in the state of Arizona are not prescribed by the Constitution, but are found in paragraph 3516, Revised Statutes of Arizona of 1913, Civil Code. This paragraph reads as follows:

"Every juror, grand and petit, shall be a male citizen of the United States, a resident of the county for at least six months next prior to his being summoned as a juror, sober and intelligent, of sound mind, and good moral character, over twenty-one years of

age and shall understand the English language. He must not have been convicted of any felony or be under indictment or other legal accusation of larceny or of any felony.''

It will be observed upon examining it that a qualified juror is not necessarily an elector of the state. As a matter of fact many jurors do not possess the qualifications requisite for an elector.

The first and most important qualification of a juror is that he shall be ''a male citizen of the United States.'' It is admitted that Dolton was a male person. Was he a citizen of the United States? As a general rule, an Indian is not a citizen of the United States by birth, because he is not born ''subject to the jurisdiction thereof.'' *Elk* v. *Wilkins,* 112 U. S. 94, 28 L. Ed. 643, 5 Sup. Ct. Rep. 41. Nor can he make himself a citizen without the consent and co-operation of the government. He may, however, be naturalized, either individually or through collective naturalization, either by treaty or statute. *Elk* v. *Wilkins, supra; Paul* v. *Chilsoquie,* (C. C.) 70 Fed. 401; *United States* v. *Osborn,* (D. C.) 2 Fed. 58, 6 Sawy. 406.

The Act of June 2, 1924, adopted by the Congress of the United States reads in part as follows:

''All . . . Indians born within the territorial limits of the United States are declared to be citizens of the United States.'' (43 Stat. 253, chap. 233.)

This marks a radical departure from the old rule of law. The matter, however, is one entirely within the control of Congress, and not of the courts. We must therefore hold that Juror Dolton was a citizen of the United States, regardless of the question of whether he was still under the guardianship of the United States government so far as either personal or property rights are concerned. Dolton was also a resident of the county for the requisite period of time, and it is not contended he was not sober and

intelligent, of sound mind and good moral character, over twenty-one years of age, or that he did not understand the English language or that he had been convicted of a felony, or was under indictment or other legal accusation of larceny or of any felony. Since there is no evidence that he did not possess all of the qualifications of a trial juror, the court rightly overruled the challenge.

The second objection is that the court erred in refusing to give the instruction requested by defendant in regard to what a reasonable doubt in a criminal case is. This instruction was refused on the ground that its substance had been given otherwise by the court of its own motion. The requested instruction doubtless stated the correct rule of law, but, its substance being given otherwise, there was no error in refusing to repeat it. *Hurley* v. *Territory,* 13 Ariz. 2, 108 Pac. 222; *Leonard* v. *State,* 17 Ariz. 293, 151 Pac. 947.

The third assignment of error is that the court erred in giving the following instruction:

"You are further instructed that the receipt of stolen property, unless satisfactorily explained, is a circumstance, when taken together with all other evidence in the case, from which you may infer that the possessor is concerned in the theft; and if you further believe, beyond a reasonable doubt, from all of the evidence, that the restaurant of Hom Chee was burglarized as charged in the information, and that moneys were taken therefrom, and if you further believe, from all the evidence in the case, that the defendant had in his possession such property recently stolen, that is a circumstance which you may consider in connection with all other evidence and circumstances in determining the innocence or guilt of the defendant."

This instruction is somewhat similar in substance, although amplified in language, to those considered in

the cases of *Vincent* v. *State,* 16 Ariz. 297, 145 Pac. 241, and *Taylor* v. *Territory,* 7 Ariz. 234, 64 Pac. 423.

In those cases the instructions were held not to be erroneous, and we think the one objected to in the present case, when construed in connection with the others given, fairly states the law, and cannot be considered as a comment on the evidence.

The fourth assignment of error is that the court erred in not giving defendant's requested instruction No. 7. This covers the same ground as the instruction complained of on which we have just passed, but states the law in a manner much more favorable to defendant than did the one given. We think the court did not err in refusing to give this instruction, since the law had been correctly laid down in a previous one. *Hurley* v. *Territory, supra; Leonard* v. *State, supra.*

The fifth assignment of error is that the court erred in not marking all the instructions requested as "given," "given as modified," or "refused." The abstract of record does not show that the instructions are so marked, but the original instructions are on file in this court, and are properly marked and signed. When the abstract of record differs from an original record, the latter, of course, controls.

The evidence against defendant was entirely circumstantial, it is true, nor is it extremely strong. It is, however, sufficient as a matter of law to sustain the verdict, and, under such circumstances, the action of the jury is conclusive. The judgment of the superior court of Coconino county is affirmed.

ROSS, C. J., and McALISTER, J., concur.