[Civil No. 2740. Filed March 4, 1929.]

[274 Pac. 1042.]

J. GARDNER SCOTT, Appellant, v. A. T. HAM-
MONS, Superintendent of Banks of Arizona, as
Receiver of THE BANK OF JEROME,
JEROME, ARIZONA, an Arizona Corporation,
Insolvent, Appellee.

See Appeal and Error, 4 C. J., sec. 2813, p. 830, n. 45.

New Trial, 46 C. J., sec. 330, p. 332, n. 95, sec. 443, p. 397, n. 52, sec. 469, p. 412, n. 55.

Mr. J. Gardner Scott, *in pro. per.*

Mr. John A. Ellis, for Appellee.

ROSS, J.—J. Gardner Scott, as plaintiff, brought this action against A. T. Hammons, superintendent of banks, as receiver of the Bank of Jerome, taken over by him for liquidation. The object of the action was to have plaintiff declared a preferred creditor of the bank for the sum of $4,302 and interest. In substance, it is alleged that plaintiff's assignor had in the Bank of Jerome, in June and July, 1923, that sum, and that he directed the cashier thereof to purchase with it for him Verde Central mining stock; that his account was thereupon debited with that amount, and the bank then and there converted and appropriated such sum to a use and purpose other than the purchase of said stock.

The answer put the allegations of the complaint in issue, and the case was tried before a jury. At the close of the trial, the court directed a verdict for plaintiff, and judgment was entered accordingly.

Within ten days thereafter, on June 30th, 1927, the defendant filed his motion for a new trial. On July 7th the court entered an order "that the hearing on the motion to set aside the judgment and verdict and for a new trial is set tentatively for the 23rd day of July, 1927, or, subject to stipulation of counsel, it may be heard at an earlier date. . . . " On the last-named date, July 23d, the motion for new trial was amended, and, as amended, granted.

It is contended by plaintiff-appellant that the court had lost jurisdiction of the motion because twenty

days had elapsed from the time it was filed and the date it was acted upon without any order of continuance by the court or any stipulation of counsel, as required by the statute. Par. 591, Civ. Code 1913. It is obvious this contention is without merit.

It is also contended that the amendment to the motion for new trial was improperly allowed and considered. The original motion was based on several grounds, one of which was newly discovered evidence. The amendment consisted of additional affidavits in support of this ground. It was only an amplification of the motion, and gave in more detail the reasons for not having such evidence at the trial. No new ground was added by the so-called amendment. We can conceive of no legal objection to the amendment.

It is next objected that the court abused its discretion in granting a new trial. It appears that the witnesses familiar with the facts concerning the stock transaction, made the basis of this suit, were employees of the bank, and at the time of the trial were under indictment, and were counseled and advised by their attorneys not to testify to their knowledge of the transaction for fear of incriminating themselves, but that, when the motion was made, they were ready and willing to waive the privilege and testify, their attorneys having advised them to do so. The showing was that they would testify that plaintiff's assignor got full credit for his $4,302, and that said sum was not misappropriated by the bank. This novel and unusual situation evidently appealed to the court and caused it to believe that justice and fairness demanded that defendant should have such testimony. We cannot say it was an abuse of discretion, and, under the well-settled rule, we will not set aside an order granting a new trial unless we are satisfied it was an abuse of discretion.

Many other questions growing out of an order staying execution pending the motion for a new trial are suggested and argued, but we do not deem it necessary to discuss or pass on them.

The order granting a new trial is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.