[Civil No. 3499. Filed December 18, 1934.]

[39 Pac. (2d) 351.]

COUNTY OF MARICOPA, a Body Politic of the State of Arizona, United States of America, Appellant, v. CLIFFORD CORP, Appellee.

Mr. Renz L. Jennings, County Attorney, and Mr. M. L. Ollerton, Deputy County Attorney, for Appellant.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellee.

PER CURIAM.—This is an action brought by Clifford Corp, as plaintiff, against County of Maricopa, a municipal corporation, as defendant, under the provisions of the Declaratory Judgment Act (Rev. Code 1928, § 4385 et seq.), asking the court to interpret the meaning of chapter 74, Session Laws 1929, so far as the mileage of jurors is concerned. In order to determine this it is necessary that we

review at some length the principles governing jury service and the history of legislation in Arizona on the subject.

Jury service is not a matter of choice, or right, but is a duty, imposed by the state. *State* v. *Walker,* 192 Iowa 823, 185 N. W. 619; *Garrett* v. *Weinberg,* 54 S. C. 127, 31 S. E. 341, 34 S. E. 70. It is analogous to military duty in time of war, in that the citizen designated by the state for jury duty must, like the soldier, serve whether he likes it or not, on such terms as the state may fix. Such being the case, compensation for jury duty is not a common-law right, but is purely statutory and, in the absence of statute, compensation cannot be recovered. *Hilton* v. *Curry,* 124 Cal. 84, 56 Pac. 784. Let us then see what the Arizona legislature has said on this subject. We quote the substance of the various statutes on the subject from 1901 to the present time.

Paragraph 2631, Civil Code 1901:

"2631. Each juror for each day's attendance on court shall be paid by the county two dollars, and for each mile actually and necessarily traveled by the juror from his residence to the court, twenty cents, to be computed one way only, and to be paid by the county."

Session Laws 1907, chap. 7:

"That each juror for each day's attendance on District Court shall be paid by the County Three ($3.00) Dollars, and for each mile actually and necessarily traveled by the juror from his residence to the Court, Twenty Cents, to be computed one way only and to be paid by the County."

Civil Code 1913, paragraph 3207:

"3207. Each juror for each day's attendance on the superior court shall be paid by the county three dollars, and for each mile actually and necessarily traveled by the juror from his residence to the court,

ten cents, to be computed one way only, and to be paid by the county.''

Session Laws 1921, chap. 5:

''Each juror, for each day's attendance on the Superior Court, shall be paid by the County Four Dollars and Fifty Cents ($4.50); and for each mile actually and necessarily travelled by the juror from his residence to the Court, ten cents (10¢) to be computed one way only, and to be paid by the County.''

Section 1487, Revised Code of 1928:

''§ 1487. *Jurors' Fees and Mileage.* Each juror, for each day's attendance on the superior court, shall be paid by the county four dollars and fifty cents, and for each mile actually and necessarily traveled each day by the juror from his residence to the court, ten cents to be computed one way only, and to be paid by the county. Each juror for each day's attendance upon any justice court or upon any inquest shall be paid three dollars to be paid by the county.''

Session Laws 1929, chap. 74:

''Section 1487. *Jurors' Fees and Mileage.* Each juror for each day's attendance on the superior court shall be paid by the county four dollars and fifty cents, and for each mile actually and necessarily traveled by the juror from his residence to the court ten .cents, to be computed for one trip and one way only and to be paid by the county, . . . ''

It will be seen that from 1901 to 1921 the language used by the legislature in fixing mileage was almost identical, except as to the amount. After 1921 the law was changed twice, and any possible question as to the present intent of the legislature was removed by the differing language used in the Session Laws of 1921, the Code of 1928, and the Session Laws of 1929. In 1921 mileage was allowed ''for each mile actually and necessarily travelled by the juror from his residence to the Court . . . to be computed one way

only.'' In 1928 it was ''for each mile actually and necessarily traveled *each day* by the juror from his residence to the court . . . to be computed one way only.'' But in 1929 the statute was amended to read ''for each mile actually and necessarily traveled by the juror from his residence to the court . . . to be computed for *one trip* and one way only.'' The insertion of the words ''each day,'' in 1928, and their omission and the insertion of the words ''for one trip,'' in 1929, can only mean that the latest declaration of the legislature is that once and once only, during his term of service, should mileage be allowed to a juror.

The judgment of the superior court of Maricopa county is reversed and the case remanded, with instructions to render judgment in accordance with the views expressed herein.