[Civil No. 4608. Filed September 27, 1943.]

[141 Pac (2d) 524.]

LEE A. BRADLEY, Appellant, v. ARIZONA CORPORATION COMMISSION, Appellee.

Mr. Norman M. Littell, Assistant Attorney General, Mr. Frank E. Flynn, United States Attorney, Phoenix, Arizona, Mr. E. R. Thurman, Assistant United States Attorney, Phoenix, Arizona, and Mr. Vernon L. Wilkinson, Attorney, Department of Justice, Washington, D. C., Attorneys for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, of Phoenix, Arizona, Attorneys for Appellee.

STANFORD, J.—Lee A. Bradley, a full blooded Navajo Indian, and a resident of Kayenta in the Navajo Reservation in Northern Arizona, on July 15, 1942, filed his application with the Arizona Corporation Commission for issuance of a permit as a contract motor carrier for the transportation of farm products and traders' supplies from Kayenta, on the Navajo Reservation, to Flagstaff, the county seat of Coconino County, and some forty or fifty miles distance to the entrance of the Navajo Reservation. The Commission heard the case on July 30, 1942, and on the same date denied appellant's application on the ground that he was an Indian ward of the United States and therefore *non sui juris.*

Later the appellant herein filed a complaint in the Superior Court of Maricopa County, at Phoenix, asking that the order of the Commission be vacated and that his application be granted.

The Commission in filing its answer stipulated with the appellant that the sole issue to be tried in the Superior Court was "whether an Indian, who is a ward of the Government of the United States and who has complied with all of the rules and regulations of the Corporation Commission and the laws of the State of Arizona necessary to procure a permit as a contract carrier on the public highways of the State of Arizona, should be disqualified for the sole reason that he be an Indian, a ward of the Government of the United States and under the charge of an Indian agent."

The Superior Court on December 23, 1942, entered its order dismissing the complaint, and from that order Lee A. Bradley, the appellant herein, has taken his appeal to this court.

Under the aforesaid stipulation it was also agreed that the appellant herein was a citizen of the United States and of the State of Arizona, and was over the

age of twenty-one years, and that he was the holder of a contract with the firm of Wetherill and Colville, a copartnership, of Kayenta, Arizona, for the transportation of the products and supplies herein referred to from Kayenta to Flagstaff and return, including the points of Tuba City, Tonalea and Cow Springs, Arizona, the last three mentioned places being on the Navajo Reservation.

In this Court the appellee, Arizona Corporation Commission, contends:

"Therefore the plaintiff below, Bradley, should he commit any violation of the rules and regulations of the Arizona Corporation Commission or the criminal code of Arizona, could not be held accountable for violation of any of the same if such acts were committed upon that part of the route located within the Navajo Indian Reservation. In other words the Arizona Corporation Commission and the State would have no jurisdiction over him for violations committed on the reservation. Such being the case the Corporation Commission and the Superior Court rightfully held that Bradley was not a fit and proper person to be the holder of a common carrier's license or a certificate of convenience and necessity because he would, by the fact that he was an Indian, a ward of the Government and a resident upon the Navajo Indian Reservation and a member of such tribe, not be subject to the criminal laws of the State nor the rules and regulations of the Arizona Corporation Commission with reference to common carriers for violations committed on the reservation, and would occupy a position different and more advantageous than other persons who might be issued the same kind of a license or certificate of convenience and necessity."

It is the contention of the appellant Bradley that the trial court in hearing this case erred in failing to adjudge and decree that the order of the Arizona Corporation Commission denying plaintiff's application for contract carrier's permit on the sole ground

that Bradley is an Indian, contravened the Fourteenth Amendment to the Constitution of the United States and Article 2, Section 13 of the Constitution of Arizona.

■ We take judicial notice that the Navajo Indian Reservation constitutes a part of Arizona, New Mexico and Utah and in toto contains 16,133,725 acres of land. In the State of Arizona alone, it consists of 11,414,450 acres. It is an empire within itself, but no matter which way we travel in the State of Arizona we go through an Indian or Military Reservation, National Park or Forest Reserve.

The case of *Begay* v. *Sawtelle*, State Game Warden, 53 Ariz. 304, 88 Pac. (2d) 999, 1001, is a case of an Indian applying for a hunting license off the reservation, and while it is true that any offense he would commit off the reservation would come under the jurisdiction of the criminal courts of our state, yet in reference to guardianship we quote from said case the following:

"If our statute prohibited the issuance of hunting and fishing license to all persons under guardianship, regardless of their race or residence, there could be no claim of discrimination, for it is certainly a reasonable ground of classification. Persons who, in the eyes of the law, are not *sui juris* may well be considered by the legislature as unfit to be trusted with a privilege requiring mature judgment in many particulars. But such is not the situation in the present case. The denial is not to all persons under guardianship, but merely to members of a certain race who are under a special kind of guardianship. . . . "

In the case of *Denison* v. *State*, 34 Ariz. 144, 268 Pac. 617, an Indian named Dalton was challenged as a juror when Denison was on trial, and in his appeal, after conviction, his first assignment was that the court erred in denying the challenge of Dalton because he was a full blooded Hopi Indian; that he was a ward, an Indian ward, of the United States Government and

therefore not qualified to sit as a juror. The service of Dalton as a juror in this instance was upheld.

Under the stipulation entered into at the time of the trial of the case in the Superior Court the Arizona Corporation Commission stipulated that at its hearing on the permit it denied the application of appellant on the sole ground that appellant was an Indian ward of the United States Government. But there is a different contention in this Court than agreed to in the stipulation and under the Commission's theory here it would not grant a permit to an Indian even though he did not seek to go upon the reservation.

■ It is our opinion, and we accordingly hold, that the denial of the permit to Bradley was a violation of the Fourteenth Amendment to the Federal Constitution and Article 2, Section 13 of the State Constitution.

The judgment is reversed.

McALISTER, C. J., and ROSS, J., concur.