SCHEB, Chief Judge.
Does an employer’s refusal to pay an employee’s salary while the employee serves as a juror furnish a proper basis for holding the employer in contempt? We hold that it does not and reverse.
Robert Heilmann was empaneled as one of three alternate jurors for a criminal trial in circuit court. When Heilmann informed the trial court that he could not serve because his employers would not continue his salary during this service, the court excused him.
The court then ordered Heilmann’s employers, Michael D. Patierno and William S. Ellis, Jr., to show cause why they should not be held in contempt for refusing to continue Heilmann’s salary had he served as a juror. Subsequently, the court found Patierno and Ellis in contempt and fined each $150. Pa-tierno and Ellis challenge the court’s judgment.
In holding Patierno and Ellis in contempt, the court recognized that there was no statutory requirement in Florida that an employer continue an employee’s salary during jury service. The trial judge concluded, however, that
F.S. 40.271(1) provides no employee shall be dismissed from employment for any cause because of the nature or length of service on a jury .... By withholding payment of wages or salary during an employee’s jury service when they are the juror’s sole means of support is tantamount to a “threat of dismissal.”
There was no evidence to indicate that Pa-tierno and Ellis had threatened to dismiss Heilmann had he served as a juror. Moreover, contrary to the trial court’s conclusion, there is no basis for holding that Pa-tierno and Ellis’s refusal to continue Heil-mann’s salary was tantamount to a “threat of dismissal.” Finally, there was no evidence that Patierno or Ellis intended to embarrass, hinder or obstruct the court in the administration of justice or to lessen its authority or dignity. Thus, we cannot sustain the court’s finding that Patierno and Ellis were in contempt of court. See Ray v. State, 352 So.2d 110 (Fla.1st DCA 1977).
We sympathize with the plight of jurors, especially those with family obligations, who must forego their usual compensation and receive the minimal statutory compensation in order to serve as jurors. In Florida the legislature has provided for jurors to receive ten dollars per day and fourteen cents per mile for travel expenses while in attendance at court. § 40.24, Fla. Stat. (1979). To receive far less than the federal minimum wage, particularly in an *393 extended trial situation, undoubtedly imposes a severe financial hardship on many jurors. A juror’s right to compensation, however, is purely statutory and a matter of legislative and not judicial prerogative. See Maricopa County v. Corp., 44 Ariz. 506, 39 P.2d 351 (1934); 50 C.J.S. Juries § 207 (1947). Therefore, the legislature may find it prudent to re-examine the statutory compensation for jurors.[1]
We vacate the judgment of contempt against Patierno and Ellis.
OTT and DANAHY, JJ., concur.

. We note that in 1978 the United States Congress re-examined federal juror compensation and raised it to thirty dollars from twenty dollars per day. 28 U.S.C. § 1871(b) (Supp.1979), as amended by Pub.L. No. 95-572, § 5, 92 Stat. 2454. Federal trial jurors also may, at the trial judge’s discretion, be paid an additional five dollars per day if they attend more than thirty days in hearing one case. Further, if the jurors are required to attend more than ten days of actual service, the judge may order their fees paid at the end of the first ten days and at the end of every ten days of service thereafter. Finally, federal jurors are not only entitled to mileage compensation but may be reimbursed for parking and toll charges as well. Id. §§ 1871(b)-(c).