669 P.2d 984

Ann M. HARALAMBIE and Ronald J. Newman, Plaintiffs/Appellants,

v.

PIMA COUNTY, a political subdivision of the State of Arizona; Pima County Board of Supervisors; Katie Dusenberry, Sam Lena, E.S. "Bud" Walker, Conrad Joyner, and David Yetman, members of and constituting the Board of Supervisors of Pima County, Defendants/Appellees.

No. 2 CA–CIV 4626.

Court of Appeals of Arizona, Division 2.

April 27, 1983.

Rehearing Denied June 1, 1983.

Review Denied Sept. 13, 1983.

against the mortgagor where there has been personal service, or the defendant has appeared in the action."

Ann M. Haralambie, Tucson, for plaintiffs/appellants.

Stephen D. Neely, Pima County Atty. by Ann L. Kirkpatrick and Frank Cassidy, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

Appellants, plaintiffs below, have brought this appeal challenging the trial court's granting of appellees' motion for summary judgment. We believe the granting of the motion was proper and affirm.

Appellants, members of the State Bar of Arizona, were appointed in 1978 by the Juvenile Court of Pima County to represent minor children and the natural father in a dependency proceeding and in a termination of parental rights proceeding. As compensation for this representation, the judge who had appointed appellants and who presided over the proceedings by minute entry ordered payment to them in excess of $250 which was the statutory limit imposed by A.R.S. § 8–225(A) at that time. This occurred in March 1979.[1] Subsequent to this date, various minute entry orders were made and countermanded; a special action petition was filed and this court and the supreme court denied relief; a petition for an order to show cause was made and denied; and subsequently an order to show cause issued and relief was denied. During the course of this legal maneuvering, appellant Newman received $500 and appellant Haralambie received $479.50. Appellants made a claim on Pima County for compensation in the amount of $2,814.50 for Newman and $2,258.00 for Haralambie. The county took no action and this contract suit was filed. Appellants filed a motion for summary judgment and the county filed a cross-motion. The court granted appellee Pima County's motion and this appeal followed.

In reviewing the granting of a motion for summary judgment, we must

---

1. The judge who ordered payment had been the presiding judge of the juvenile court prior to January 1979.

view the evidence in a light most favorable to the appellants and give the appellants the benefit of all reasonable inferences which may be drawn from the record. *Grain Dealers Mutual Insurance Co. v. James,* 118 Ariz. 116, 575 P.2d 315 (1978). Only if the record demonstrates that there is no genuine dispute as to any material fact and there is only one inference that can be drawn from the undisputed material facts is the granting of summary judgment proper. *Tribe v. Shell Oil Company, Inc.,* 133 Ariz. 517, 652 P.2d 1040 (1982). Conversely, summary judgment is appropriate where there is no genuine dispute as to any material fact, only one inference can be drawn from the undisputed material facts and based on the undisputed material facts the prevailing party is entitled to judgment as a matter of law. *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982).

Appellants raise numerous issues urging reversal; however, we need only address two: (1) Was the statute constitutional as it was worded in 1979, and (2) did the judge have the authority to order compensation in excess of the statutory limit? We find the statute was constitutional and that the judge exceeded his authority in issuing orders for compensation in excess of the statutory limit.

■ The constitutionality question has been answered for us by the Supreme Court in *McDaniels v. State of Arizona,* 62 Ariz. 339, 158 P.2d 151 (1945). There the court held valid a statutory limit on compensation to be paid to attorneys representing indigents. The court stated, "... counsel will have to look to the Legislature for their remedy and not the courts." That is what happened to A.R.S. § 8–225(A). Subsequent to the proceedings which gave rise to this claim for compensation, the statute was amended and the compensation limit deleted.

We find appellants' reliance on *Smith v. State,* 118 N.H. 764, 394 A.2d 834 (1978), to be misplaced. The court there was interpreting a provision of the state constitution as it applied to compensation for attorneys representing indigent criminal defendants.

Having determined that the statute was constitutional, we now must decide if the juvenile judge had the authority to issue the orders in question.

We can appreciate the judge's concern that court appointed counsel be adequately compensated for representing parties and children before the juvenile court. As appellants point out, these proceedings which determine familial rights are extremely important and it is vital and in the best interests of society that all parties be represented by adequate counsel. In many cases, one of which may very well be the case before us, equity would require compensation in excess of $250. In this regard, we take note of the fact that the statute in question has been amended and the monetary limit removed.

■ In spite of this desire to be equitable, we must find that the juvenile court judge's orders were void ab initio. As this court said in *State v. Jacobson,* 22 Ariz.App. 260, 526 P.2d 784 (1974):

> "While it is axiomatic that a trial judge has authority to interpret the law reasonably, it must be in conformity with the statutes of the State of Arizona and the decisions of the Arizona appellate courts. He may not alter the law or fashion it to his own liking. This is the function of the legislative branch of the government." 22 Ariz.App. at 264, 526 P.2d 784.

As is the case here, the judge in *Jacobson* was attempting to do equity. However, we note there that "where there is a specific statute on the subject, equity follows the law." 22 Ariz.App. at 265, 526 P.2d 784.

Other jurisdictions adhere to the principle expressed in *Jacobson.* The Supreme Court of Florida has stated:

> "No judge is permitted to substitute his concept of what the law ought to be for what the law actually is." *In re Inquiry Concerning a Judge, J.Q.C. No. 77–16,* 357 So.2d 172, 179 (Fla.1978).

And in *Ben P. Fyke & Sons, Inc. v. Gunter Company,* 390 Mich. 649, 213 N.W.2d 134 (1973), the court said:

"An individual judge may not properly substitute his personal view of justice and sound public policy for the statutory . . . rule meant to apply." 213 N.W.2d at 138.

Appellant Haralambie additionally argues that in any event she is entitled to $250. We find this argument to be without merit. As stated by appellants in their reply to appellees' response to their motion for summary judgment, she has received $479.50 which is in excess of the statutory limit.

Appellant Haralambie maintains that she should receive $250 for services performed during the termination proceedings under A.R.S. § 8–531, et seq. We note that the statutes at the time of the proceedings made no provision for compensation of appointed attorneys in such proceedings. As appellants point out, statutory compensation was authorized only for proceedings under Chapter 2 of Title 8, A.R.S. § 8–201, et seq. The court in McDaniels, supra, stated:

". . . a county is not liable for fees and disbursements to counsel assigned to defend accused in the absence of statute regulating such compensation." 62 Ariz. at 351, 158 P.2d 151.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.