The Honorable T.J. "Jerry" Greeson Nassau County Clerk of Courts Post Office Box 456 Fernandina Beach, Florida 32034
Dear Mr. Greeson:
You have asked substantially the following question:
If a prospective juror fails to call, as directed in the summons, to determine whether he or she is needed in the next day's proceedings, is the juror entitled to compensation for appearing even though court has been canceled?
In sum:
A prospective juror who appears as summoned for jury duty is entitled to compensation, pursuant to s. 40.24, F.S., even though court has been canceled. There is no statutory requirement that prospective jurors call prior to appearing for jury duty.
You have provided a copy of the juror summons used in Nassau County. The summons, in pertinent part, states:
PLEASE BE ADVISED IT IS YOUR RESPONSIBILITY TO CALL THE DAY BEFORE YOU ARE TO REPORT FOR JURY DUTY AND FIND OUT WHETHER YOUR PRESENCE IS REQUIRED IN COURT. IF YOU FAIL TO CALL AND APPEAR IN COURT WHEN NOT NEEDED, YOU WILL NOT BE COMPENSATED FOR YOUR APPEARANCE.
Section 40.221, F.S., requires the clerk of the court, under the supervision of a judge of any court of record, to randomly select from the jury list[1] such number of persons the clerk feels necessary or expedient for a jury venire from which any jury may be drawn by order of a circuit court judge. In summoning jurors, s. 40.23(1), F.S., in pertinent part, provides:
The clerk of the court shall generate a venire as prescribed in s.40.221 and shall summon the persons named in such venire to attend court as jurors at least 14 days prior to the sitting of such court by mailing to each person so named in the venire a written notice, addressed to his place of residence, and placing such notice in the United States mail with sufficient postage to carry the same. Upon order of the court, jurors may be summoned with less than 14 days' notice.
Section 40.24, F.S., provides:
Jurors shall receive $10 for each day of active attendance upon the court. A fractional part of a day shall be counted as a day. . . . Any juror who attends on any of the days when the presiding judge is absent or, being present, does not hold the session of the court shall be entitled to receive the same compensation as if the court were in session. A juror who elects to be on call as provided in s. 40.231 shall receive the compensation provided in this section for only those days such juror actually attends court and not for those days he remains on call.[2] Any juror who is excused from jury service at his own request shall not be entitled to receive any compensation either for travel or for attendance upon the court.
Thus, compensation of jurors is statutorily set at $10 for each day of active attendance. Chapter 40, F.S., does not define "active attendance." Historically, however, a person who is summoned as a juror, but excused by the judge prior to the convening of the court, is entitled to receive per diem and mileage[3] and a person who is summoned and who "remains available to serve" is entitled to compensation.[4] Furthermore, a juror is entitled to compensation for attending on any day the presiding judge is absent or the session of court is not held.
There is no statutory provision, however, making the payment of compensation for attending dependent upon the prospective juror's calling to see if he or she will be needed for the next day's court session.
A juror's right to compensation has been determined to be purely statutory and a matter of legislative, not judicial, prerogative.[5] I have not found, nor have you provided, any statutory authority for the clerk of the court to condition payment of a juror's compensation upon the juror's calling prior to appearing for the session of court for which summoned. In the absence of such statutory authority, the clerk of the court must compensate jurors who are summoned as prescribed by Ch. 40, F.S.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 40.02, F.S., sets forth the procedures whereby the clerk of the court selects at random a sufficient number of names from the list of those persons qualified to serve as jurors.
[2] Section 40.231, F.S., provides:
When persons named in a jury venire generated by the clerk are summoned to attend a court as jurors, they may be placed in a jury pool from which the court may draw persons to serve as jurors. Persons placed in said jury pool may, when authorized by the court as an alternative to attending court, list a telephone number with the clerk of the court to which summoned, to be on call on an hour's notice.
[3] See, AGO 42-378, p. 68, 1941-42 Biennial Report of the Attorney General. I would note that s. 40.24, F.S., was amended by s. 1, Ch. 73-264, Laws of Florida, to provide that any juror who is excused from serving on any jury at his own request shall not be entitled to any compensation.
[4] See, AGO 40-751, p. 93, 1939-40 Biennial Report of the Attorney General.
[5] Patierno v. State, 391 So.2d 391, 393 (2 D.C.A. Fla. 1980).
[6] See, AGO 79-70 (clerk's authority is entirely statutory and clerk's action must be in conformity with statutes); s. 5(c), Art. II, State Const. (powers, duties, compensation and method of payment of state and county officers shall be fixed by law); and State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974) (if doubt exists as to the existence of authority, it should not be assumed).