GOUCHENOUR *v.* STATE OF INDIANA.

[No. 25,256.   Filed October 29, 1930.]

*Phelps & Hartley* and *Edgar P. Kling,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, J.—This appeal is from a judgment against appellant of a fine of $250, and that he be imprisoned in the county jail for six months, upon the verdict: "We, the jury, find the defendant guilty of encouraging the delinquency of a female child under the age of eighteen years and that he be fined $250.00 and imprisoned in the county jail for 6 months." (Signed by the foreman of the jury.) Acts 1917 p. 341, ch. 111, §2; §1696 Burns 1926.

Appellant is charged, by indictment, with the crime of rape of a female child under the age of 16 years, as defined by Acts 1921 p. 373, ch. 148, §1, §2429 Burns 1926. The error assigned is the overruling of appellant's motion for a new trial. The motion for a new trial assigned the cause that the verdict is contrary to law, and other causes which are not presented on appeal.

Appellant presents the proposition that the offenses of rape and encouraging delinquency of a female child under the age of 18 years are entirely different offenses.

That the verdict may be well founded, and be not contrary to law, the crime of which appellant was found guilty must be a degree of the crime of rape as charged under the statute (Acts 1905 p. 584, ch. 169, §271, §2312 Burns 1926), or that the offense of which he is found guilty, by the verdict, is necessarily included in the offense with which appellant is charged in the indictment. (Acts 1905 p. 584, ch. 169, §272, §2313 Burns 1926). Unless the verdict can be upheld under one or the other of the two statutes last cited, it is contrary to law.

The crime of rape, as defined by the statute upon which this action is founded, is not divided into degrees. This crime in general was separated into degrees by a statute enacted after the crime here charged was committed. (Acts 1927 p. 576, §2429 Burns Supp. 1929.) Was the crime of which appellant was found guilty necessarily included in the offense charged by the indictment? It may be held to be so included if the essential elements of the crime of which appellant was found guilty by the verdict are fully embraced in the crime of rape, as charged by the indictment. (*People* v. *Santoro* [1920], 229 N. Y. 277, 128 N. E. 234; *Diaz* v. *United States* [1912], 223 U. S. 442, 32 Sup. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C 1138.) The fact that a person, not necessarily a male, invited, or caused or en-

couraged a girl under the full age of 18 years to have carnal knowledge with a male, all other necessary elements of the crime admitted, might be sufficient to prove him guilty of the misdemeanor of encouraging delinquency of such girl, but such fact is not an element of the crime of rape. Such encouraging may be accomplished without a touching of such girl, without an assault, and without an assault and battery, and without an intent to commit the rape, but merely to encourage such girl to submit to the commission of the act by another. This is not an element of rape.

The misdemeanor of contributing to the delinquency of a female child may be accomplished without committing a rape upon her, and without attempting to commit rape upon her. The element of encouraging one to commit rape is not necessarily an element of the crime of rape, which is to say, and to hold, under the statute (§2313 Burns 1926, *supra*), that the misdemeanor named in the verdict is not necessarily included in the felony charged by the indictment, and that they are different substantive offenses. The verdict is contrary to law.

Judgment reversed.