[Criminal No. 861. Filed November 8, 1937.]

[73 Pac. (2d) 107.]

JOE DUNN, Appellant, v. STATE OF ARIZONA, Respondent.

474

Mr. Marshall W. Haislip, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, and Mr. J. M. Johnson, his Assistants, and Mr. John W. Corbin, County Attorney, for Respondent.

LOCKWOOD, J.—Joe Dunn, hereinafter called defendant, was convicted of the crime of aggravated assault and has brought this case before us for review.

There are five assignments of error, but we think it necessary to consider only the first, which is that the court overruled defendant's special demurrer to the information, made on the ground that it charged more than one offense. Section 4980, Revised Code 1928, reads in part as follows:

"*One offense only may be charged; means; time; party injured.* The indictment or information must charge but one offense."

The charging part of the information is as follows:

"In the name and by the authority of the State of Arizona Joe Dunn and Norris C. Browning is accused this 27th day of March, 1937, by the County Attorney of Maricopa County, State of Arizona, by this information, of the crime of assault with a deadly weapon, a felony, committed as follows, to-wit:

"The said Joe Dunn and Norris C. Browning on or about the 20th day of March, 1937, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there wilfully, unlawfully and feloniously, with a certain deadly weapon, to-wit: a knife, which they, the said Joe Dunn and Norris C. Browning, then and there had and held in their hands, in and upon the body and person of one Loren La Prade, there being, make an assault; they, the said Joe Dunn and Norris C. Browning, being then and there adult male persons, and he, the said Loren La Prade, being then and there a child."

It is claimed by defendant that this charges both the crime of assault with a deadly weapon and that of aggravated assault. Assault with a deadly weapon is described by the Code of 1928 as follows:

"§ 4615. *Assault with deadly weapon; by life prisoner; punishment.* Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury."

The facts necessary to constitute aggravated assault appear in the following section:

"§ 4613. *Aggravated assault and battery defined; punishment.* An assault or battery committed under any of the following circumstances, is aggravated: When the person committing the offense goes into a private home and is there guilty of assault or battery; when committed by a person of robust health or strength upon one who is decrepit; when committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child; when the instrument or means used is such as to inflict disgrace upon the person assaulted, as an assault or battery with a whip or cowhide; when a serious bodily injury is inflicted upon the person assaulted; when committed with a premeditated design and by the use of means calculated to inflict great bodily injury."

The question before us, therefore, is whether the information did charge both the offense set forth in 4615, *supra,* and that set forth in 4613, *supra.* The requisites of an information, in order that the facts pleaded may state a public offense, are as follows:

"§ 4982. *Essentials of sufficiency.* The indictment or information is sufficient, if it can be understood therefrom: . . . that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, *and as to enable the court to pronounce judgment upon a conviction, according to the right of the case."* (Italics ours.)

Does the information above quoted set forth the essential elements of the two crimes of assault with a deadly weapon and of aggravated assault, so as to enable the court to pronounce judgment upon a conviction of either offense? If it does, two separate crimes are charged. The language "did then and there wilfully, unlawfully and feloniously, with a certain deadly weapon, to-wit: a knife, which they, the said Joe Dunn and Norris C. Browning, then and there

had and held in their hands, in and upon the body and person of one Loren La Prade, there being, make an assault'' certainly sets forth all of the essential elements of the crime of assault with a deadly weapon, and, upon proof of the facts thus set forth, the jury would undoubtedly have been justified in finding defendant guilty of the crime described in section 4615, *supra,* to wit, assault with a deadly weapon. And this is true, even though there were no attempt to prove the allegations ''they, the said Joe Dunn and Norris C. Browning, being then and there adult male persons, and, the said Loren La Prade, being then and there a child.'' On the other hand, if we strike from the information the following words, ''with a certain deadly weapon, to-wit: a knife, which they, the said Joe Dunn and Norris C. Browning, then and there had and held in their hands,'' leaving remaining the language

''did then and there wilfully, unlawfully and feloniously . . . in and upon the body and person of one Loren La Prade, there being, make an assault; they, the said Joe Dunn and Norris C. Browning, being then and there adult male persons, and he, the said Loren La Prade, being then and there a child,''

proof of such facts only would sustain a conviction of aggravated assault. It is evident, then, that the information did, on its face, charge two separate and distinct offenses. Indeed, the State does not seriously question this, but urges that it falls within an exception to the general rule that only one offense must be charged. This exception may be stated as follows: An information does not violate the rule prohibiting the charging of two offenses by setting up several related acts, all of which are necessary to constitute one offense, because the facts thus set up also constitute another offense. Counsel for the State urge that the acts charged as necessary to constitute an assault with

a deadly weapon, if proved, also necessarily establish the crime of aggravated assault, and that, therefore, the information comes within the exception above stated.

■■ Does the language of the information bring the case within the exception? The question has been before the courts repeatedly, and there is a practical unanimity of opinion in the test which should be applied to determine whether an information charging one offense will sustain a conviction of another one, on the theory that it is included in the facts set up in the information. The test may be stated as follows: Will proof only of the facts charged and essential to sustain a conviction of the higher offense described in the information *necessarily* sustain a conviction of the lesser one? *State* v. *Erickson,* 45 Wis. 86; *Prindeville* v. *People,* 42 Ill. 217; *State* v. *Henry,* 98 Me. 561, 57 Atl. 891; *State* v. *Marcks,* 3 N. D. 532, 58 N. W. 25. Let us apply that test to the present case. The higher offense is, of course, assault with a deadly weapon. What are the facts set up in the information which must be proved to sustain a conviction of assault with a deadly weapon? They are, of course, that the defendant "did then and there wilfully, unlawfully and feloniously, with a certain deadly weapon, to wit: a knife, which they, the said Joe Dunn and Norris C. Browning, then and there had and held in their hands, in and upon the body and person of one Loren La Prade, there being, make an assault." No other facts are required to sustain a conviction of assault with a deadly weapon. The allegations of the respective ages of the parties are irrelevant to that offense and cannot be legally offered in evidence in support thereof. But it is obvious that the evidence above referred to as being sufficient to prove the graver charge would be utterly insufficient to sustain a conviction of ag-

gravated assault, *on the ground on which it was charged in the information,* to wit, an assault by an adult male upon the person of a child. Suppose, on the other hand, that the State proved that defendant was an adult male person, and that the person assaulted was a child, but failed to show that any deadly weapon was used. Such evidence would sustain a conviction of aggravated assault as charged, but would be insufficient to justify one of assault with a deadly weapon. We think it plain that the evidence which would be ample to sustain a conviction of the one offense charged by the information would be utterly insufficient to sustain that of conviction of the other one set up thereby.

Counsel for the State have cited to us a number of cases where a conviction of aggravated assault was sustained where the information charged only assault with a deadly weapon. It will be found, however, in all of those cases the facts specifically set up by the information were those, *and those only,* necessary to constitute assault with a deadly weapon, and that the court held that proof of such an assault necessarily established that *one form* of an aggravated assault had been committed—an assault by means calculated to do bodily injury—and that the jury was, therefore, justified in returning a verdict of guilty of the lesser offense, since the same evidence which proved the greater necessarily proved the lesser one.

We think counsel for the State have confused the right of a jury to convict of an offense not formally charged, when the evidence which justifies a conviction of the offense actually charged *necessarily* shows the commission of the lesser offense, with the right of the defendant to be *formally charged* by the information with one offense only. In other words, while the *evidence* may sometimes justify a conviction of either

one of two crimes, the information must always *charge* but one as an ultimate fact.

A consideration of the reasoning back of the exception will show clearly the fallacy into which counsel for the State have fallen. The purpose of an information in any criminal case is to apprise the defendant of the particular things which it is claimed he has done, and which things constitute a specific public offense, so that he may be prepared to meet the issues of fact presented thereby. He is therefore entitled, as a matter of right, to be charged only with the commission of one or a number of acts which constitute a definite sequence leading up to one definite offense, and may not, by the information, be accused of committing two different series of acts which lead to different conclusions as to the ultimate violation of law which they establish. When, therefore, an information states series (a) of facts which establishes one crime, and also series (b) which establishes another one, and some of the facts in one series are different from some of the facts in the other series, the information is fatally defective. If, on the other hand, a series of facts is stated which leads ultimately to one crime only, if proof of all the facts in that series *and of those facts alone* also necessarily establish that the defendant has committed a lesser crime, the jury is authorized to convict of the lesser crime, for the reason that the defendant, by the information, was properly advised of every fact in issue which he must meet, and all of these facts constituted one logical, consistent chain of events leading to one ultimate conclusion, so that the breaking of any link in the chain acquits him. To illustrate, if in an information there is pointed out to the defendant one, and one only, stairway which he must climb, consisting of certain definite steps, and reaching an equally definite top, he may be permitted by the jury to stop at a landing

place necessarily included in that series of steps, although it is not at the top. But if, by the information, there are pointed out to him two stairways whose steps are, in part at least, different, and which ultimately reach two different goals, he may not be required to attempt to climb both merely because there may be, during their course, some common intersection at which he might stop.

The judgment of the superior court is reversed, and the case remanded, with instructions to sustain the demurrer to the information, with leave to the county attorney to file a proper charge against defendant if he be so advised.

McALISTER, C. J., and ROSS, J., concur.