[Crim. No. 5481. Second Dist., Div. Two. Jan. 30, 1956.]

THE PEOPLE, Respondent, v. MORRIS CHESTER, Appellant.

David Silverton for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by information of the rape of a 16-year-old girl. (Pen. Code, § 261, subd. 1.) A jury convicted him of contributing to the delinquency of a minor, lesser offense (misdemeanor) necessarily included in the charge. He was placed on probation on condition that

he abide in the county jail for six months. He has appealed from the order granting probation. (Pen. Code, § 1237.)

The facts established disclose that the conviction was justified, and the appeal is in vain. The evidence taken at the preliminary hearing was used by the court below, in part.

The victim, Miss Hajaly, was born in Montreal, Canada, April 3, 1938. On January 28, 1955, in Los Angeles, she accompanied appellant to a show, thence to his apartment. They arrived at 11:30 p. m., prepared and ate something. He mixed a drink and "put something in it." They retired to the same bed. She removed her blouse and skirt, and according to her testimony, they engaged in an act of sexual intercourse. She spent the following day with him and returned to his apartment in the evening where they were taken into custody by the police.

Appellant admitted to the investigating officer that in the early morning of January 29, he and the girl had retired about 3 a. m.; that he loved and kissed and "played around" with her, but denied having sexual intercourse with her. He repeated that statement in his testimony.

Despite the fact that a judgment convicting him of rape would have been affirmed (Pen. Code, § 261, subd. 1; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]), he now contends that he was convicted of an offense not charged and that, therefore, the judgment should be reversed. ▇ But contributing to the delinquency of a girl of 16 years is necessarily included in the charge of the rape of her. A jury may find one guilty of any offense necessarily included in that with which he is charged. (Pen. Code, § 1159.) If *contributing* is not included in the charge of rape of a minor girl, what is included? Appellant seeks to assimilate his predicament to that of the defendant in *In re Hess*, 45 Cal.2d 171 [288 P.2d 5], who had been accused of rape by force and violence and was convicted of contributing to her delinquency. Contributing to a minor's delinquency is not necessarily included in the crime of rape by force. By reason thereof, his conviction of the lesser offense was in excess of the court's jurisdictiou. (*Ibid.*) The difference between the two lies in the fact that Hess was accused of rape by force (§ 261, subd. 3) while appellant's alleged offense was with "a female under the age of 18 years." (§ 261. subd. 1.) That offense necessarily includes a violation of the Welfare and Institutions Code, section 702, contributing to the delinquency of a minor. (*People* v. *Greer*, 30 Cal.2d

589, 597 [184 P.2d 512].) The test of a necessarily included offense is whether the crime charged cannot be committed without committing another offense. (*In re Hess*, 45 Cal.2d 171, 174 [288 P.2d 5].) If that is true, the other included crime is a "necessarily included offense." Therefore, it was not a prerequisite that appellant be charged with a violation of section 702, *supra*, in order to convict him of contributing to the delinquency of a minor under an information charging rape in violation of subdivision 1.

 Lastly, complaint is made that no foundation was laid at the trial in May for the introduction of the prosecutrix' evidence before the committing magistrate. On the contrary, the young woman's sister testified that the prosecutrix with her mother had left Los Angeles in April 1955 for their home in Canada. Also, three letters from Montreal were introduced dated April 27, May 2 and May 6, 1955, two being in the handwriting of the complainant. The sister knew of no intention of the absent witness to return to California. Such showing was sufficient.

Affirmed.

Fox, J., and Ashburn, J., concurred.