336 P.2d 366

**STATE of Arizona, Appellee,**

v.

**Jesse Cruz ROMERO, Appellant.**

No. 1122.

Supreme Court of Arizona.

March 4, 1959.

Rehearing Denied March 31, 1959.

John M. Levy, Phoenix, and Emmett R. Feighner, Phoenix, of counsel, for appellant.

Robert Morrison, Atty. Gen., Lloyd C. Helm, Cochise County Atty., Douglas, John G. Pidgeon, Deputy County Atty., Bisbee, for appellee.

PHELPS, Chief Justice.

Jesse Cruz Romero, the appellant, was convicted of the crime of statutory rape alleged to have been committed upon his wife's sister, a girl sixteen years of age.

During the trial the witnesses were placed under the rule excluding them from the courtroom. George W. Martin, Justice of the Peace, was called as a witness for the State. At that time the following colloquy took place between defense counsel and the court,

Defense counsel: "At this time, your honor, I wish to move the court to not allow Judge Martin to testify for the reason that he was in the courtroom all this morning, I understand, or part of the morning, in violation of the rule. The witness should be excluded. I know he wasn't present yesterday. Counsel for the State should have cautioned or advised that the witness for the State should not be present in the courtroom.

The Court: "Well, that is a matter of discretion of the court. I don't believe a man of Judge Martin's standing would be influenced.

Defense counsel: "I don't think he did it intentionally, your honor. I think the rule should be upheld.

The Court: "The objection is overruled. He may testify."

Appellant contends that the court abused its discretion and thereby deprived the

appellant of a fair trial by overruling the objection to George W. Martin, Justice of the Peace, testifying as a witness for the State after all witnesses had been placed under the rule excluding them from the courtroom.

The law is well-settled that the rule excluding witnesses from the courtroom is solely a matter within the sound discretion of the trial court and unless there is a showing of an abuse of discretion and a resulting prejudice this court will not disturb the rulings of the trial court. Macias v. State, 36 Ariz. 140, 283 P. 711; Riley v. State, 50 Ariz. 442, 73 P.2d 96; State v. Thomas, 78 Ariz. 52, 275 P.2d 408. In the present case there was no showing that there was a prejudicial result from the witness remaining in the courtroom and we hold that the trial court did not abuse its discretion in allowing the witness to testify.

Appellant further contends that he was deprived of a fair trial due to the trial judge commenting, "Well, that is a matter of discretion of the court. I don't believe a man of Judge Martin's standing would be influenced." and that the remark of the trial judge indicated his opinion as to the credibility of Judge Martin in violation of Article 6, section 12 of the Constitution of the State of Arizona, A.R.S.

We concede that the above-mentioned statement was error on the part of the trial judge and that it should not have been made. Appellant made no objection to the statement during the trial. Neither did he list it as error in his motion for new trial. In State v. Hoffman, 78 Ariz. 319, 325, 279 P.2d 898, 901, we said, "* * * The purpose of an objection is to permit the trial court to rectify possible error, [Citing case], and to enable the opposition to obviate the objection if possible. * * *" Here the appellant by not objecting at the appropriate time during trial waived his right to assign error to the statement made by the trial judge. If the question is not raised below it cannot be raised on appeal. Pioneer Constructors v. Symes, 77 Ariz. 107, 267 P.2d 740, 41 A.L.R.2d 668.

Appellant, in his third assignment of error, states that the court erred in refusing to give his requested instruction No. 4 to the jury. This proposed instruction would have told the jury that the crime of "contributing to the delinquency of a minor" was an included offense in the rape charge.

This presents a question of first impression in this court and we believe its incorporation as an included offense has been comparatively rare in this jurisdiction. The writer of this opinion was never presented with such a request in 26 years service on the trial bench. The question specifically presented here is, was it error for the trial court to refuse to instruct the jury, under the evidence in this case, that it could find the defendant guilty of contributing to the delinquency of the minor, if the evidence

disclosed that the acts of the defendant tended to debase or injure the morals, health or welfare of said minor? Counsel for appellant cites State v. McLain, 74 Ariz. 132, 245 P.2d 278, in support of his contention. We find nothing in that case, nor in McDaniels v. State, 62 Ariz. 339, 158 P.2d 151 cited therein, that tends to support appellant's position.

The information charges that defendant (appellant) did then and there wilfully, unlawfully and feloniously rape Mary Sano, a female, under the age of eighteen et cetera. The prosecutrix testified that defendant had sexual intercourse with her in Cochise County. Appellant denied the act of sexual intercourse with her but testified that he rented a motel room for her near Douglas for one night and that she then went to his home and remained there until the officers came two or three days later, that his wife was not at home at the time; that he slept in the same bed with her in a Mesa motel and also in a Tucson motel two or three days earlier.

Our attention has been called to the case of People v. Greer, 30 Cal.2d 589, 184 P.2d 512, which, from a cursory reading would appear to support appellant's claim, but a careful study of the case clearly distinguishes it from the instant case. It involves the question of double jeopardy under the facts in that case and is not authority at all that the trial judge was required to submit to the jury an instruction and verdict on contributing to the delinquency of a minor in the instant case, because contributing to the delinquency of a minor is simply not necessarily an included offense in the crime charged in the information. That is to say, contributing to the delinquency of a minor is not necessarily an included offense in a charge of rape. Gouchenour v. State, 202 Ind. 231, 173 N.E. 191.

We agree that the acts charged in the commission of rape may and in lewd and lascivious conduct would contribute to the delinquency of a minor, but that does not necessarily mean that the trial court must always include an instruction on contributing to the delinquency of a minor in a rape case.

In the instant case the prosecutrix testified that the appellant had sexual intercourse with her. Appellant positively denied it. Therefore he either did or he did not rape her. If he did, to submit an instruction and verdict on contributing to the delinquency of a minor would be utterly ridiculous. If he did not rape her the things he testified he did do are not an element in the crime of rape as charged. They constitute a different substantive offense as stated in Gouchenour v. State, supra. Therefore the trial court properly refused appellant's instruction No. 4.

We are not unmindful of the California rule as stated in People v. Cheater, 138 Cal. App.2d 829, 292 P.2d 573, to the effect that

contributing to the delinquency of a minor is necessarily included in a rape charge. We reject this rule. As above stated a male in committing rape may commit acts which also constitute the offense of contributing to the delinquency of a minor but they do not always and necessarily do so. Where they do the charge should be separately made.

Other assignments of error we deem to be without merit and will therefore not be discussed.

Judgment affirmed.

STRUCKMEYER and UDALL, JJ., concur.

JOHNSON, Justice (dissenting).

Appellant was correct in his contention that the trial court committed reversible error in refusing to instruct the jury upon the offense of contributing to the delinquency of a minor (A.R.S. § 13–822), and in submitting to them verdicts on guilty and not guilty of statutory rape only.

Rule 295 of the Rules of Criminal Procedure, 17 A.R.S., requires that

"Upon an indictment or information for any offense the jurors may convict the defendant of * * * any offense which is necessarily included in the offense charged."

The question thus presented is whether the offense of statutory rape necessarily includes the offense of contributing to the delinquency of a minor.

A.R.S. § 13–611 defines statutory rape as "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator * * * where the female is under the age of 18 years. * * *" The information charged the crime in the words of the statute.

A.R.S. Subsection A of § 13–822 charges that "A person who by any act, causes, encourages or contributes to the * * * delinquency of a child, as defined by § 13–821, or who for any cause is responsible therefor is guilty of a misdemeanor * *." A.R.S. § 13–821 defines such as "any act which tends to debase or injure the morals, health or welfare of a child." A.R.S. § 13–823 states that a person is guilty of violating the article "if it appears from the evidence that * * * by any improper act or conduct on the part of such person the * * * delinquency of a child may have been caused or merely encouraged."

This court has held that under these provisions it is sufficient that the accused caused, encouraged or contributed to some act which tends to debase or injure the morals, health or welfare of a child. Loveland v. State, 53 Ariz. 131, 86 P.2d 942. We have held that the test of a necessarily included offense is whether proof only of the facts charged and essential to sustain conviction of the higher offense described

in the information will necessarily sustain a conviction of the lesser one, Dunn v. State, 50 Ariz. 473, 73 P.2d 107; and that an offense is necessarily included where it is impossible to commit the higher offense without committing the lower offense at the same time. State v. Hanks, 58 Ariz. 77, 118 P.2d 71.

Under the law of Arizona it is impossible for a man to commit an act of intercourse upon a female under the age of eighteen years who is not his wife without also causing, encouraging or contributing to an act which tends to debase or injure her health, morals or welfare. The law against statutory rape is for the protection of the health, morals and welfare of the female child, which the state is bound to protect. It is impossible to commit statutory rape without also contributing to the delinquency of the minor female.

The majority opinion states that the test of a necessarily included offense in People v. Greer, 30 Cal.2d 589, 184 P.2d 512, has no application to the instant situation because Greer was a double jeopardy case. A careful reading of the Greer case and its footnotes will show that such a distinction was not intended by the California court.

The California and Arizona statutes concerning former jeopardy are virtually identical. Both concern themselves with second jeopardy for the same offense and with jeopardy "for an offense necessarily included therein." See Greer case, supra, 184 P.2d at page 516, and A.R.S. § 13–145. The Greer case carefully referred to the position of the American Law Institute that while a necessarily included offense is not the "same offense", it may prohibit a second prosecution. The California court was merely pointing out that in that state a second prosecution on a necessarily included offense is barred because their statute says so, regardless of whether a necessarily included offense is the "same offense" under the language of the State and Federal Constitutions, Const. art. 2, § 10; U.S. Const. Amend. 5. Thus, "necessarily included offense" would have the same meaning wherever it is used.

This court, in State v. Westbrook, 79 Ariz. 116, 119, 285 P.2d 161, 162, 53 A.L.R. 2d 619, cited the Greer case and applied the test: "Is the first offense one that cannot be committed without necessarily committing the second?" This was a former jeopardy case but, as we have stated, the term "necessarily included offense" has but one meaning and but one test. The test quoted above is the *same* as that applied in Dunn v. State, supra, and State v. Hanks, supra, both of which are Arizona cases concerning the jury's right to convict the defendant of "any offense which is necessarily included in the offense charged." Rules of Criminal Procedure, Rule 295, supra.

People v. Chester, 138 Cal.App.2d ·829, 292 P.2d 573, citing the Greer case, held that a charge of statutory rape would support a conviction of contributing to the delinquency of a minor, as the latter is a necessarily included offense under a statute virtually identical to that of Arizona's Rule of Criminal Procedure 295.

In the instant case appellant was entitled to his requested instruction on the necessarily included offense of contributing to the delinquency of a minor. Were the jury to have found him not guilty of statutory rape, or of even touching her, it could nevertheless have found him guilty of the lesser crime on the basis of evidence given concerning the *immediate circumstances* of the time and place charged in the information. The information charged appellant with committing the offense "on or about the 26th day of July, 1957".; upon trial the prosecuting attorney made it plain that he was relying on the events occurring the night of July 26 and the early morning of July 27.

The state's witnesses testified that they went to the home of the appellant at 3:30 in the morning of July 27, 1957. A light was on in the bathroom. Through an uncurtained window the prosecutrix was seen going from the location of appellant's bedroom into the bathroom. They again knocked and finally broke down the front door. The appellant, in undershorts, was in bed with the covers over his head; a pair of panties, a blouse, a pair of white shoes and some facial tissues were on the floor by the bed. The sixteen-year-old girl was found hiding behind the garments in a clothes closet off the bathroom. She was wearing a brassiere and a pair of peddle pushers. She put on the white shoes found in defendant's bedroom before she left the house. These facts alone would support a verdict of contributing to the delinquency of a minor.

This was the time and place, the immediate circumstances wherein the appellant was charged with committing statutory rape, as well as all other necessarily included offenses. Statutory rape and its included offenses are not confined to commission at the very instant of penetration, else how could assault with intent to commit rape be a lesser included offense. State v. McLain, 74 Ariz. 132, 245 P.2d 278.

I believe that the refusal of the trial court to instruct the jury on contributing to the delinquency of a minor, a necessarily included offense in statutory rape, was under the facts of this case a violation of Rule 295, Rules of Criminal Procedure, and that it constituted reversible error.

I am, therefore, of the opinion that the judgment of conviction should be reversed and a new trial granted.

BERNSTEIN, J., concurs in the dissent.