550 P.2d 113
**STATE of Arizona, Appellant,**
v.
**Frank Xavior LOPEZ, Appellee.**
**No. I CA–CR 1579.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 25, 1976.

Rehearing Denied June 22, 1976.

Moise Berger, Maricopa County Atty., by James R. Minter, Deputy County Atty., Phoenix, and Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellant.

Gerald F. Sullivan, Phoenix, for apellee.

## OPINION

JACOBSON, Presiding Judge.

This case is before us at this time on appellee's motion to dismiss the State's appeal for lack of jurisdiction. Normally such a motion would be disposed of by an order, but because of the significant jurisdictional issue involved, we believe an opinion is warranted in this case.

The appeal herein is by the State from an order of the Superior Court dismissing this prosecution against the appellee with prejudice. The appeal was properly perfected procedurally, and the only question is whether the order sought to be appealed from is an appealable order.

The order in question was entered on September 24, 1975, the day set for trial, and it was granted on appellee's motion to dismiss "for lack of prosecution", after the State's motion for a 7 day continuance based on the unavailability of its chief witness had been denied. The actual order states: "Order granting defendant's motion to dismiss with prejudice."

 Appellee asserts that the only permissible appeals by the State in criminal cases are those specified in A.R.S. § 13–1712. In this he is correct. A.R.S. § 13–1711; *State v. Whitney,* 108 Ariz. 277, 496 P.2d 138 (1972); *State v. Garoutte,* 95 Ariz. 234, 388 P.2d 809 (1964); *See State ex rel Ronan v. Stevens,* 93 Ariz. 375, 381 P.2d 100 (1963).

Section 13–1712 provides, insofar as pertinent, as follows:

"§ 13–1712. Appeal by state

"An appeal may be taken by the state from:

"1. An order quashing an indictment or information or count thereof."

 Appellee contends that the order appealed from is not an order "quashing" an indictment and is simply not an appealable order under the statute. The State contends that all motions to quash were abolished under the new rules, specifically Rule 16.5(b), and were replaced by motions to dismiss, and subparagraph 1 of the above statutes should therefore now be read as applying to motions to dismiss. Assuming that the State is correct insofar as the use of terminology is concerned, this argument overlooks the fact that Rule 16.5 (b) specifically relates to dismissals "upon finding that the indictment, information, or complaint is insufficient as a matter of law." In addition, the comment thereto indicates that it is not intended to create any *new* grounds for a motion to dismiss, but merely to abolish the former "motion to quash" of 1956 Rules 166 to 177. It also states that a motion to dismiss "tests the *basic legal sufficiency* of the prosecution . . . ." (emphasis added) The statute, of course, was enacted prior to the present Criminal Rules, but it seems quite clear that the only appeal intended to be permitted by the statute was from a dismissal of the prosecution (then called the granting of a motion to quash) based on some legal insufficiency in the charging process. Motions to quash under the 1956 Rules were governed by Rules 166 to 177 which related to defects in the information, indictment, or grand jury proceedings (Rule 169) which had to be made in general before pleading (Rule 177). Under the 1956 Rules, the "speedy trial" provisions were contained in Rules 236 to 238, which referred to "orders of dismissal" or dismissing an indictment or information (or prosecution), rather than "quashing" it. In our opinion, the latter type of order was not made appealable by A.R.S. § 13–1712. Under the wording of present Rule 16.5(b) and the comments thereto, it appears that this rule re-

lates solely to dismissals on the ground of legal insufficiency also. We therefore hold that only those orders which were formerly appealable for legal insufficiency on the granting of a motion to quash are now appealable on the granting of a motion to dismiss under present Rule 16.5(b).

In any event, we find no intent by the Supreme Court to expand the meaning of the words "order quashing an indictment" for basic legal insufficiency to include an order dismissing a prosecution for violation of speedy trial time limits or for lack of prosecution.

In reaching this conclusion, we draw some support from *State ex rel Ronan v. Stevens, supra,* in which the Supreme Court held that no appeal would lie from the trial court's order dismissing an information which the trial judge thought was just too serious under the circumstances, and which he dismissed on his own motion when the County Attorney would not reduce the charge. The Supreme Court said that *certiorari* was the proper remedy in such a case, since there was no appeal from such an order of dismissal, citing A.R.S. § 13–1712. (The case *had* been taken to the Supreme Court on *certiorari.*) This case, as well as *State ex rel Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974) indicates that review of an order such as that involved here is available to the State by special action, and, in fact, the non-appealability of the order and the availability of special action proceedings may result in much speedier review of such an order than by means of appeal.

As no appeal is permitted from the order sought to be appealed from herein, appellee's motion to dismiss must be granted.

The appeal is dismissed for lack of jurisdiction because of the absence of any appealable order.

HAIRE, Division 1, concurs.

EUBANK, Judge (dissenting).

I dissent. The trial court's dismissal of the prosecution with prejudice effectively bars the State from prosecuting the appellee for the alleged felony: violation of operating a motor vehicle under the influence of intoxicating liquor while his operator's license was revoked (A.R.S. §§ 28–692, 28–692.02). While I agree with the majority that the *form* of the dismissal is not appealable, the *substance* of the dismissal is certainly to "quash" the information and bar future prosecution for the offense.

In *State v. Garoutte,* 95 Ariz. 234, 388 P.2d 809 (1964), our Supreme Court examined the *substance* of a trial judge's order of dismissal and treated it as an order quashing the information under A.R.S. § 13–1712(1). The order was therefore appealable. This is exactly what should be done here. The legal effect or *substance* of the dismissal of the information with prejudice exceeds that of quashing an information. Where the effect of the order is to quash the information it should be appealable pursuant to A.R.S. § 13–1712(1).