622 P.2d 17

STATE of Arizona, Appellant,

v.

Robert H. FENDLER and James R. Holman, Appellees.

No. 1 CA–CR 3400.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 11, 1980.

Rehearing Denied Nov. 19, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Philip J. MacDonnell, Director, Sp. Prosecutions Division, Michael C. Cudahy, Asst. Atty. Gen., Samuel P. Goddard, III, Former Asst. Atty. Gen., Phoenix, for appellant.

Southern & Mulhall by E. Reid Southern, Phoenix, and Thomas E. Horn, San Francisco, Cal., for Fendler.

Robert L. Storrs, Phoenix, for Holman.

## OPINION

WREN, Vice Chief Judge.

This is an appeal by the State of Arizona from a post-verdict order of the Superior Court dismissing count one of the indictment on the basis that it charged multiple conspiracies in a single count (duplicity).

On March 7, 1977, Robert H. Fendler and James R. Holman were charged in a seventeen count indictment with criminal conduct in connection with the operation of several financial institutions headquartered in Phoenix, Arizona. Prior to trial, Fendler moved the trial court to dismiss count one on the basis of duplicity. Rule 13.3, Arizona Rules of Criminal Procedure, 17 A.R.S. Holman later joined in the motion. However, on October 14, 1977, the motion was denied. Ultimately, charges of conspiracy, grand theft, and false book entry against both defendants were submitted to the jury for consideration. An additional charge of failure to file a state corporate income tax return was also submitted against Fendler.

On February 27, 1978, the jury found Fendler guilty on the conspiracy, false book entry, and failure to file counts, but stated they were deadlocked on the grand theft count. The jury acquitted Holman on the grand theft and false book entry counts, but indicated they were deadlocked on the conspiracy count. A mistrial was declared on the grand theft count as to Fendler and the conspiracy count as to Holman. Both defendants timely filed motions for judgment of acquittal pursuant to Rule 20(b), Arizona Rules of Criminal Procedure, 17 A.R.S. Fendler also filed a timely motion for a new trial pursuant to Rule 24.1, Arizona Rules of Criminal Procedure, 17 A.R.S.

On April 14, 1978, the date set for the entry of the judgments against Fendler, but *prior* to the entry therein, the trial court made the following statement:

THE COURT: The Court has had under advisement the motions to dismiss and to acquit on the conspiracy count. I am going to grant these motions. I am satisfied that the indictment charged in Count I more than one conspiracy, and I think that I am governed by the rule in *Dunn versus State,* 50 Ariz. 473, 73 P.2d 107: "Defendant is therefore entitled, as a matter of right, to be charged only with the commission of one or a number of acts which constitute a definite sequence leading up to one definite offense..." I am satisfied the evidence in this case, really, the evidence presented to the grand jury established sequences to justify the charges. So, the charges of conspiracy to commit theft, conspiracy to make false book entries, conspiracy to commit a fraud on a state officer should have been charged in separate counts.

There will be an order dismissing Count I of the indictment against both defendants.

The court's order was subsequently memorialized in a minute entry dated April 14, 1978, which was signed by the trial judge, and read as follows:

It is ordered dismissing Count I of the indictment against both defendants.

On May 3, 1978, the state filed its notice of appeal. It also appears that the parties petitioned the trial court to clarify its prior

ruling. On May 16, 1978, the trial court responded by issuing the following memorandum:

> Both defendants and the state have requested the Court to clarify its ruling of April 14, 1978, disposing of Count I of the indictment, accusing the defendants of conspiracy.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> It was not the intention of the Court to *acquit* either Mr. Fendler or Mr. Holman of the charge of conspiracy alleged in Count I of the indictment. It was the intention of the court to *dismiss* Count I because the Court felt that the count was defective because it charged multiple offenses. (Emphasis supplied).

On May 25, 1978, Fendler and Holman jointly moved this court to dismiss the state's appeal on the basis that the trial court's order of April 14, 1978, was not an appealable order. *See*, A.R.S. § 13–1712 (now A.R.S. § 13–4032, as amended). We denied appellees' motion with leave to reargue the issue in their briefs.

Since the issue has been reasserted, we must make the preliminary determination as to whether this court has jurisdiction to entertain the state's appeal.

However, before such a determination can be made, we must ascertain the nature of the order itself. Appellees claim that the only motion before the trial court to which the court could have responded was their "Motion for Judgment of Acquittal." Consequently, they argue that the order must be categorized as a "Judgment of Acquittal" despite the trial court's subsequent attempt to characterize it as a dismissal. Appellant, on the other hand contends that the trial court simply reconsidered its prior ruling pursuant to Rule 16.1(d), Arizona Rules of Criminal Procedure, 17 A.R.S.[1] However, appellees counter by arguing that Rule 16 fails to sanction such post-verdict orders because the parameters of the rule are specifically limited to those procedures occurring "between arraignment and trial." Rule 16.1(a), Arizona Rules of Criminal Procedure, 17 A.R.S.[2]

■ While appellees' counter-argument raises an interesting question, we need not resolve it here, because even if the court was without authority to reconsider its prior decision pursuant to Rule 16.1(d), it clearly had inherent authority to do the same. *State v. Hannah*, 118 Ariz. 610, 578 P.2d 1039 (1978). In our opinion, the trial court's order can only be characterized as a dismissal.[3] While the trial court expressly stated that it was granting the motions to dismiss and acquit, the basis for the decision was duplicity rather than the insufficiency of the evidence adduced at trial. Our conclusion rests not only on the trial judge's statement at the time he granted the motion, but on his subsequent memorandum and his remarks to Fendler just prior to the imposition of sentence when he stated:

> For my part I have not the slightest doubt that the evidence at trial amply supported the jury's verdicts of guilty on the false book entry and failure to file tax return charges. *Indeed the evidence supported the existence of a number of separate conspiracies.* I have acquitted you of the charge of conspiracy because of the failure to allege separate conspiracies in separate counts. (emphasis supplied).[4]

Having resolved this initial issue, we must now determine whether the trial

---

1. Rule 16.1(d), provides as follows:

   Finality of Pretrial Determination. Except for good cause, or as otherwise provided by these rules, an issue previously determined by the court shall not be reconsidered.

2. Rule 16.1(a), provides:

   a. Scope of Rule
   This rule shall govern the procedure to be followed in cases in the Superior Court *between arraignment and trial* unless specifically

provided by another rule.... (emphasis supplied)

3. However, even if we were to characterize the trial court's order as a judgment of acquittal, it appears that the state would be precluded from appealing that judgment. *See State v. Superior Court*, 1 CA–CIV 4984 (filed April 1, 1980).

4. This dialogue also took place on April 14, 1978.

court's order of dismissal is appealable by the state.

The only permissible grounds for an appeal by the state are those set forth in A.R.S. § 13–1712 (now A.R.S. § 13–4032, as amended). *State v. Lopez,* 26 Ariz.App. 559, 550 P.2d 113 (1976), (adopted in *State v. Fayle,* 114 Ariz. 219, 560 P.2d 403 (1976)). Section 13–1712 provided that:

An appeal may be taken by the state from:

1. An order quashing an indictment or information or count thereof.
2. An order granting a new trial.
3. An order arresting judgment.
4. A ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment.
5. An order made after judgment affecting the substantial rights of the state.
6. The sentence on the grounds that it is illegal.
7. An order granting a motion to suppress the use of evidence.

The state argues that the court's order was the equivalent of an order quashing an indictment or count thereof, A.R.S. § 13–1712(1) (now A.R.S. § 13–4032(1), as amended), and refers this court to the case of *State v. Lopez,* in support of that proposition.

In *Lopez,* the issue concerned whether the state would appeal a particular pre-trial order of the trial court entered pursuant to Rule 16.5(b), Arizona Rules of Criminal Procedure, 17 A.R.S.[5] The state contended that since all motions to quash were abolished under the 1973 Rules of Criminal Procedure, A.R.S. § 13–1712(1) should be read as applying to all motions to dismiss. This court expressly rejected such a broad proposition by stating:

The statute [A.R.S. § 13–1712(1)], of course, was enacted prior to the present Criminal Rules, but it seems quite clear

that the only appeal intended to be permitted by the statute was from a dismissal of the prosecution (then called the granting of a motion to quash) based on some legal insufficiency in the charging process. 26 Ariz.App. at 560, 550 P.2d at 114.

■ Appellant, therefore, argues that since the order was based upon a legal deficiency in count one, the present case falls squarely within the context of the above quoted language. While the state's argument has some superficial appeal, it ignores the actual holding of this court which was:

that only those orders which were formerly appealable for legal insufficiency on the granting of a motion to quash are now appealable on the granting of a motion to dismiss under present Rule 16.5(b). *Id.* at 561, 550 P.2d at 115.

As a result, we hold that this court's jurisdiction pursuant to A.R.S. § 13–1712(1) (now A.R.S. § 13–4032(1)) is dependent upon a finding that the basis for the order of dismissal existed under the former rules of criminal procedure governing motions to quash.

In our opinion, the case of *State v. Freeman,* 78 Ariz. 281, 279 P.2d 440 (1955), is dispositive of the issue. In *Freeman,* the state appealed an order of the Superior Court quashing an information. Defendant's motion to quash was based upon five separate grounds, including the assertion that the information violated section 44–725a, A.C.A. 1952 Cum.Supp., which reads as follows:

44–725a. Charging two or more offenses or same offense in different counts—Order to consolidate—Election by prosecution—Separate trials—Effect of acquittal on one or more counts.—*An indictment, information, or complaint may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or*

---

5. Rule 16.5(b)—On Defendant's Motion. The court, on motion of the defendant, shall order that a prosecution be dismissed upon a finding

that the indictment, information, or complaint is insufficient as a matter of law.

*more different offenses of the same class of crimes or offenses, under separate counts*, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict; provided, that the court in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count. [Rules Cr.Proc., as added by order of Supreme Court, July 9, 1941; effective October 15, 1941.] (emphasis supplied)

■ Our Supreme Court expressly stated that a violation of the above statute did not form a basis for granting a motion to quash, and would therefore not be considered on appeal. *See*, § 44–1005, A.C.A. 1939.[6]

In 1956, the Arizona Supreme Court adopted a new series of Criminal Rules. Rule 128 was essentially a reenactment of section 44–725a,[7] while Rule 169 replaced

6. 44–1005. Motion to quash—Grounds.—A motion to quash the indictment or information shall be available only on one [1] or more of the following grounds. In the case of:

(1) Either an indictment or information:

(a) That it does not charge the defendant with the commission of an offense.

(b) That the court has ordered a bill of particulars under the provisions of section 153 [§ 44–712] and the county attorney fails to furnish a sufficient bill.

(c) That the defendant is misnamed in the indictment or information. In such case if his true name is inserted, or if he refuses to give his true name, the motion shall be overruled.

(d) That the indictment or information contains a statement of matter which constitutes a legal justification of the offense charged, or other legal bar to the prosecution.

(e) That it appears from a bill of particulars furnished under the provisions of section 153 [§ 44–712] that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense, or that a prosecution for that offense is barred by the statute of limitations. If the county attorney shall furnish another bill of particulars which so states the particulars as to make it appear that they constitute the offense charged and that the offense was committed by the defendant, and that it is not barred by the statute of limitations, the motion shall be overruled.

(f) That the defendant has been convicted or in jeopardy of conviction or acquitted of the offense charged.

(g) That the defendant has been pardoned of the offense charged.

(h) That the court trying the cause has no jurisdiction of the offense charged or of the person of the defendant.

(i) That the defendant has been granted immunity by law from prosecution in the cause.

(2) An indictment:

(a) That there was ground for a challenge to the panel or to an individual grand juror and that the defendant had not been held to answer at the time the grand jurors were sworn.

(b) That a person, other than a grand juror, was present while the grand jurors were deliberating or voting and there is reasonable cause to believe that the defendant was in fact prejudiced thereby.

(c) That the requisite number of grand jurors did not concur in finding the indictment.

(d) That the grand jury had no authority to inquire into the offense charged.

(3) An information:

(a) That an information was filed contrary to the provisions of section 114 [§ 44–503].

(b) That the provisions of section 149 [§ 44–705] were not complied with. If, on hearing of the motion, the county attorney complies with the provisions of the said section, the motion shall be overruled.

(c) That the county attorney had no authority to file the information.

If a motion to quash is based on an alleged defect in the indictment or information which can be cured by amendment the court shall order the amendment to be made and shall overrule the motion. [Rules Cr.Proc., § 208.]

7. ARIZONA RULES OF CRIMINAL PROCEDURE (1956)

RULE 128, Charging two or more offenses or same offense in different counts; consolidation; conviction of two or more offenses; verdict; separate trials; effect of acquittal on one or more counts

A. An indictment, information or complaint charging two or more different of-

what had formerly been section 44–1005.[8] Since the new rules did not alter the outcome in *Freeman*, by establishing duplicity as a ground upon which a motion to quash could be granted, we hold that the trial court's order in the instant case is not appealable pursuant to A.R.S. § 13–1712(1) (now A.R.S. § 13–4032(1), as amended).

We note that the dissent contends that the words "order quashing an indictment" are used in a broader, more generic sense, than can be derived from Rule 169, and, therefore "quashing orders which have deviated from the relatively narrow grounds set forth in Rule 169" should be subject to appellate review. In our opinion, this argu-

fenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, shall be under separate counts, and if two or more indictments or informations are filed in such cases, the court may order them consolidated.

B. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted shall be stated in the verdict. The court in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of the groups tried separately.

C. A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count unless such verdicts are inconsistent.

8. While certain minor changes were made concerning the grounds for a motion to quash, they are not germane to the issues in the present case.

ARIZONA RULES OF CRIMINAL PROCEDURE (1956)

RULE 169, *Motion to quash, grounds*

A. A motion to quash the indictment or information shall be available only on one or more of the following grounds. In the case of:

1. Either an indictment or information:

(a) *That it does not charge the defendant* with the commission of an offense.

(b) That the court has ordered a bill of particulars under the provisions of Rule 116 and the county attorney fails to furnish a sufficient bill.

(c) *That the defendant is misnamed in the* indictment or information. In such case if his true name is inserted, or he refuses to give his true name, the motion shall be overruled.

(d) That the indictment or information contains a statement of matter which constitutes a legal justification of the offense charged, or other legal bar to the prosecution.

(e) That if appears from the bill of particulars that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense, or that a prosecution for the offense is barred by the statute of limitations. If the county attorney furnishes another bill of particulars which either by itself, or together with any particulars appearing in the indictment or information, so states the particulars as to make it appear that they constitute the offense charged in the indictment or information, and that the offense was committed by the defendant, and that it is not barred by the statute of limitations, the motion shall be overruled.

(f) That the defendant has been convicted or in jeopardy of conviction or acquitted of the offense charged.

(g) That the defendant has been pardoned of the offense charged.

(h) That the court trying the action has no jurisdiction of the offense charged or of the person of the defendant.

(i) That the defendant has been granted immunity by law from prosecution in the action.

2. An indictment:

(a) That there was ground for a challenge to the panel or to an individual grand juror.

(b) That a person, other than a grand juror, was present while the grand jurors were deliberating or voting and there is reasonable cause to believe that the defendant was in fact prejudiced thereby.

(c) That the requisite number of grand jurors did not concur in finding the indictment.

(d) That the grand jury had no authority to inquire into the offense charged.

(e) That the indictment was not found, endorsed and presented as prescribed in these Rules.

3. An information:

(a) That an information was filed contrary to the provisions of Rule 79.

(b) That the provisions of Rule 111 were not complied with. If on hearing of the motion the county attorney complies with the provisions of such Rule the motion shall be overruled.

(c) That the county attorney had no authority to file the information.

\* \* \* \* \* \*

ment is simply a refined version of the argument made in the dissenting opinion in *State v. Lopez.* In *Lopez,* Judge Eubank asserted that the parameters of A.R.S. § 13–1712(1) were far broader than the majority's perception and argued that the court should look to the *effect* of the order rather than to the ground upon which it was based in determining the court's appellate jurisdiction. However, this argument was implicitly rejected by our Supreme Court when it adopted the majority's opinion in *Lopez* in *State v. Fayle. Also see State v. Stevens,* 93 Ariz. 375, 381 P.2d 100 (1963).

Moreover, the state apparently concedes, by the absence of argument, that the remaining subsections of A.R.S. § 13–1712 (now A.R.S. § 13–4032, as amended) are inapplicable to the present case. However, in an abundance of caution, we have reviewed the case law relating to the remaining sections and have concluded that they also fail to confer jurisdiction in the instant case. While we do not necessarily agree with the trial court's decision, we are of the opinion that this court is without jurisdiction to entertain the state's appeal. We also wish to point out that our decision in this matter does not in any way affect the state's right to seek relief by way of special action.

The state's appeal is therefore dismissed for lack of jurisdiction.

DONOFRIO, J., concur.

FROEB, Presiding Judge, dissenting:

I would deny the motion to dismiss the appeal because the trial court entered an order which had the effect of quashing the indictment as to the conspiracy count. This court clearly has jurisdiction to review such an order pursuant to A.R.S. § 13–1712(1).

The theory of the majority appears to be that an order quashing an indictment is not appealable unless correctly entered in accordance with former criminal rule 169. This is circular reasoning however, since, if it were correctly entered in accordance with rule 169, there would be no need for an appeal. It is when such an order is *not* correctly entered in accordance with rule 169 that an appeal is necessary. The fact that the order does not comport with rule 169 is the reason for the appeal.

The problem here is one of semantics. The appeal statute (A.R.S. § 13–1712) uses the words "order quashing an indictment" in a wider, more generic sense, than can be derived from rule 169. In the statute the phrase refers generally to orders which dismiss a criminal case because of insufficiency in the charging process. It is broad enough to bring under appellate review quashing orders which have deviated from the relatively narrow grounds set forth in rule 169. This is as it should be. If, for the sake of argument, an indictment were quashed because it was handwritten instead of typewritten, the order would be appealable in spite of the fact that this is not a ground set forth under rule 169.

*State v. Lopez,* 26 Ariz.App. 559, 550 P.2d 113 (1976) and *State v. Freeman,* 78 Ariz. 281, 279 P.2d 440 (1955), relied upon by the majority, are not, in my opinion, to the contrary.

I would deny the motion to dismiss the appeal and resolve ¡the issues raised on the merits.